IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael Mills *and* Shirley Mills, | ) | Civil Action No. 2:17-201-RMG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| General Motors, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiffs' motion to compel production of documents (Dkt. No. 25) and Plaintiffs' motion to compel deposition (Dkt. No. 26). For the reasons set forth below, the Court grants in part and denies in part Plaintiffs' motion to compel production of documents, and grants Plaintiffs' motion to compel deposition.

I. **Background**

Plaintiffs allege that on April 8, 2016, Michael Mills and Shirley Mills' 2014 Chevrolet Corvette Stingray caught fire while parked in their garage. The fire spread to their residence at 1885 Omni Boulevard, Mount Pleasant, South Carolina, which was ultimately destroyed by the fire. Plaintiffs assert design or manufacturing defects in the vehicle caused the fire.

Plaintiffs have filed two motions to compel discovery. In their motion to compel production of documents, Plaintiffs seek the Court's ruling on various objections Defendant stands upon in withholding requested documents. In their motion to compel deposition, Plaintiffs assert that Defendant's counsel made improper leading speaking objections during the deposition of Defendant's Rule 30(b)(6) representative, and that Defendant produced approximately 600 pages of documents during breaks in the deposition that should have been produced before the deposition. Plaintiffs ask the Court to order Defendant's Rule 30(b)(6) representative to be

available for an additional two days of deposition. Plaintiffs also seek costs and attorneys' fees for additional deposition days.

## II. **Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

District courts have "wide latitude in controlling discovery and [their] rulings will not be overturned absent a showing of clear abuse of discretion." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 683 (4th Cir. 1986); *Middleton v. Nissan Motor Co.*, Civ. No. 10-2529, 2012 WL 3612572, at *2 (D.S.C. Aug. 21, 2012).

Rule 30 of the Federal Rules of Civil Procedure provides in part,

> [(b)](6) *Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.
>
> . . .
>
> (c) Examination and Cross-Examination; Record of the Examination; Objections; Written Questions.
>
> . . .

> *Objections*. An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Additionally, this Court has local rules governing conduct during depositions that forbid leading objections. Local Civil Rule 30.04 DSC.

### III. Discussion

### A. Motion to Compel Document Production

#### 1. *Interrogatory number 1*

This interrogatory asks Defendant, "Please state the name, job title, current employer and business address of each person who has supplied any information used in answering these Interrogatories and for each individual identified, please specify which specific Interrogatories (along with subsection) that each was consulted on." Defendant objects this interrogatory based upon the work-product doctrine and scope. The Court cannot evaluate any work-product claims without a privilege log, but Defendant's objection regarding scope is overruled. The Court finds this interrogatory seeks information relevant to a party's claim or defense. *See* Fed. R. Civ. P. 26(b). Plaintiffs' motion to compel is granted as to interrogatory 1. Defendant is ordered to produce all documents responsive to this interrogatory that are not protected by an independent privilege.

#### 2. *Interrogatory numbers 5, 6, 8, 9, 10, 12, 14, and 19*

This interrogatory asks Defendant to list any proposed or completed changes of the fuel system components and to state the reasons for the changes listed. Plaintiffs complain Defendant provided document numbers for 1,000 pages rather than direct answers to the interrogatory, which,

according to Plaintiffs, is "outside of the scope of Rule 33(d) of the Federal Rules of Civil Procedure." Rule 33(d) provides that if an interrogatory answer may be determined by examining business records and if the burden of so determining the answer would be substantially the same for either party, the responding party may answer the interrogatory by specifying the records to review. Defendant asserts it provided copies of the responsive records and specifically identified records with Bates ranges. The Court agrees that Rule 33(d) permits that manner of response. Plaintiffs' motion to compel is denied as to interrogatory 5.

Plaintiffs make identical arguments regarding Defendant's provision of documents to respond to interrogatories 6, 8, 9, 10, 12, 14, and 19. The Court denies Plaintiffs' motion to compel as to interrogatories 6, 8, 9, 10, 12, 14, and 19 for the same reason it denies Plaintiffs' motion to compel as to interrogatory 5.

### 3.    *Interrogatory numbers 15, 17, 18, 19*

Interrogatory number 15 asks Defendant whether for the vehicle's model years 2015–17 there are any proposed or completed changes to the electrical circuits that are powered when the ignition key is off initially and also after the vehicle achieves module "sleep mode," and, if so, to provide the reasons for the proposed or completed changes, to identify the person responsible for the decision to implement each change, and to state why the proposed changes were rejected or revised and the persons responsible for the rejection or revision to any proposed changes. Defendant objects that any information regarding vehicles other than the 2014 Corvette or components or systems in vehicles other than the 2014 Corvette is not relevant to this case. But, as Defendant concedes, "In the products liability context, 'discovery of similar, if not identical, models is generally permitted.'" (Dkt. No. 29 at 10 (quoting *Hartsock v. Goodyear Dunlop Tires N. Am. LTD*, No. 2:13-CV-00419-PMD, 2013 WL 6919715, at *8 (D.S.C. Nov. 22, 2013)).) Discovery of other product models is denied only when they "are not substantially similar to the

model at issue." *Hartstock*, 2013 WL 6919715, at *8. The Court finds that Corvette model years immediately preceding or succeeding 2014 are not so dissimilar to the 2014 model as to be irrelevant in this litigation. The Court therefore overrules Defendant's objection and grants Plaintiffs' motion to compel as to interrogatory 15. Defendant is ordered to produce all documents responsive to this interrogatory that are not protected by an independent privilege.

Defendant raises the same objection to interrogatories 17, 18, and 19, which seek information regarding other Corvette model years. The Court grants Plaintiffs' motion to compel as to interrogatories 17, 18, and 19 for the same reason given regarding interrogatory 15. Defendant is ordered to produce all documents responsive to interrogatories 17, 18, and 19 that are not protected by an independent privilege.

### 4. *Interrogatory numbers 21, 22, and 23*

Interrogatory number 21 asks whether there is a history of fires related to the 2014 to 2017 Corvette models; interrogatory 23 essentially asks a more specific question on the same topic. Interrogatory 22 asks whether there have been any consumer complaints about excessive power use or overheating in certain areas of 2014 or later Corvettes. Defendant objects these interrogatories are beyond the proper scope of discovery. Defendant argues the proper scope of these interrogatories should be whether there is a history of non-collision fires related to the fuel system of a 2014 Corvette. The Court agrees that vehicle collision fires are beyond the proper scope of discovery, but otherwise overrules Defendant's objection and finds that information about non-collision fires in the 2014 to 2017 Corvette models is relevant in this case. The Court grants Plaintiffs' motion to compel as to interrogatories 21, 22, and 23. Defendant is ordered to produce all documents responsive to interrogatories 21, 22, and 23 that are not protected by an independent privilege.

### 5. *Requests for Production numbers 8, 9, 17, and 25*

Plaintiffs assert Defendant has not produced all documents responsive to these requests for production. Defendant represents that it has not withheld responsive documents. The Court accepts Defendant's representation and denies as moot the motion to compel as to requests for production 8, 9, 17, and 25.

### 6. *Request for production number 33*

This request for production asks Defendant to produce "[c]opies of any internal communication relating to the discussion of defects or fires related to the subject vehicle." In response, Defendant stated it would "produce non-privileged portions of the NISM [not-in-suit-matter] file that was created when Plaintiffs contacted GM LLC in relation to the subject fire." Plaintiffs assert Defendant has not done so. Defendant admits it has not yet produced the documents, but asserts it "will" produce them. The Court directs the parties to meet and confer on the timing of the production of the NISM file and the associated privilege log. At the meet and confer, Defendant will provide a date certain for production. The parties may move for an extension of the discovery period if necessary. The motion to compel is denied without prejudice as to request for production 33.

### 7. *Request for production number 34*

This request for production asks Defendant to produce "[c]opies of any notice letters received by you relating to fires potentially caused by the failure of a Chevrolet Corvette Stingray." The Court finds the request impossibly vague. The Court does not understand what is meant by "fires potentially caused by the failure of a" Corvette. The Court is unable to order a party to respond to a request that the Court itself cannot understand. Moreover, the request appears to cover decades of model years. To the extent Plaintiffs mean non-collision fires in recent Corvette

models, the request is duplicative of interrogatories 21 and 23 and requests for production 33 and 35. The Court therefore denies the motion to compel as to request for production 34.

**8.** *Request for production number 35*

This request for production asks Defendant to produce "[c]opies of any complaints filed in any lawsuit received by you, other than that received in the instant case, alleging that the Chevrolet Corvette Stingray, model years 2013-present was defective and/or caused a fire." Defendant objects this request is beyond the scope of discovery. The Court agrees insofar as this request seeks complaints about general defects not involving non-collision fires. The motion to compel is granted in part as to request for production 35. Defendant is ordered to produce copies of complaints in any lawsuit received by GM other than this case that allege a Corvette model year 2013 to present suffered a non-collision fire caused at least in part by a design or manufacturing defect in the Corvette.

**9.** *Request for production number 36*

This request for production asks Defendant to produce "[c]opies of any and all recall information for the product issued by any governmental or quasi-governmental authority." Defendant asserts it has produced "recall notices and service bulletins related to the fuel storage and delivery system in the 2014 Chevrolet Corvette." (Dkt. No. 29 at 9.) The Court finds that response deficient. Recall information for a 2014 Chevrolet Corvette may be relevant even if Defendant does not believe the recall is "related to the fuel storage and delivery system." The Court grants the motion to compel as to request for production 36. Defendant is ordered to produce all recall information regarding the 2014 Corvette.

**10.** *Request for production number 37*

This request for production asks Defendant to produce "[c]opies of any deposition transcripts memorializing sworn testimony presented by you in any litigation related to an alleged

defect in a Chevrolet Corvette Stingray, model years 2014–present." Defendant objects to this request because it does not maintain the documents in a central database. The Court overrules Defendant's objection and grants Plaintiffs' motion to compel as to request for production 37. To the extent that Defendant is in possession of documents responsive to the request, which are not subject to a privilege, the Court orders Defendant to produce those documents.

**B.    Motion to Compel Deposition**

Plaintiffs deposed Manoji Modi, Defendant's corporate designee, on September 1, 2017. Before the deposition, Plaintiffs served a notice of deposition specifying the areas of inquiry for the deposition. Defendant stated it objected to the scope of the deposition notice, but did not move for a protective order. According to Plaintiffs, Defendant's counsel instead obstructed inquiry into areas Defendant felt were beyond the proper scope of the deposition through numerous leading objections.

Plaintiffs further assert Mr. Modi was in possession of approximately 600 pages of documents subject to discovery requests that had not been disclosed to Plaintiffs. Those documents were disclosed during breaks in the deposition after Mr. Modi conferred with counsel and other Defendant employees about the documents. Plaintiffs describe this as an "ambush."

The Court has reviewed the deposition transcript (Dkt. No. 26-7). Defendant's counsel made over one hundred speaking objections. Many were leading. For example, Defendant's counsel repeatedly objected that a question was beyond the scope of the notice and then instructed the witness to answer "if you know"—clearly inviting the witness to answer "I don't know." (*E.g.*, *id.* at 10 (three times).) The Court sees no reason for the defending attorney to instruct the witness when objecting that a question is beyond the scope of a notice. Another example:

> Q. Information related to problems, defects, exceptions or 13 issues in the performance of the 2014 model year 14 Corvette.

[Defendant's counsel] MR. MALLOY: Again, we've objected. It's in the writing. It has to do with as far as it goes beyond the fuel system.

BY [Plaintiffs' counsel] MS. FULTZ:

Q. Are you going to go based on what your lawyer just said? It that why you're pointing to him?

A. Yes.

(*Id.* at 15.)

Based on review of the deposition transcript, the Court finds Defendant's counsel failed to comply with the rules governing the conduct of oral depositions, particularly Rule 30(c) of the Federal Rules of Civil Procedure and Local Civil Rule 30.04(D). The Court therefore grants Plaintiffs' motion to compel Defendant to make Mr. Modi available for an additional two days of deposition. The parties will meet and confer to schedule the deposition, and will move for an extension of the discovery period if necessary. The Court orders Defendant's counsel to comply with the rules governing the conduct oral depositions, including the local rules of this Court. Because the Court finds Defendant's inappropriate speaking objections to be a sufficient basis to grant the motion to compel deposition, it does not reach the issue of Defendant's alleged late production of 600 pages of documents at the deposition.

### C. Attorney's Fees

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides,

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

The Court grants the motion to compel deposition in full, for the reasons provided above. In such circumstance, the rule requires the Court to award reasonable expenses including attorney's fees unless one of the rule's three exceptions applies. The Court therefore must address the issue of an award of fees and expenses. If the parties are unable to resolve this issue amicably within ten days of the date of this Order, Plaintiffs may file an itemization of the reasonable fees and expenses sought. In that event, the Court will allow Defendant to file a response within ten days. The Court will then schedule a hearing on the issue.

Rule 37(a)(5)(C) provides that if a motion to compel "is granted in part and denied in part, the court . . . *may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion" (emphasis added). The Court grants in part and denies in part the motion to compel document production, for the reasons provided above. The use of "may" in the rule is permissive and allows this Court discretion as to whether to award fees and expenses when a motion to compel is only partially granted. *See Council for Periodical Distribs. Ass'ns v. Evans*, 827 F.2d 1483, 1487 (11th Cir. 1987). In this case, the Court declines to exercise its discretion to award or apportion fees and expenses with regard to the motion to compel documents.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion to compel production of documents (Dkt. No. 25) and **GRANTS** Plaintiffs' motion to compel deposition.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

September 22, 2017
Charleston, South Carolina